IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DAKOTA R. MOSS,<br><br>   Defendant. | Case No. 3:14-CR-30208-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release and a Motion to Appoint Counsel[1] filed *pro se* by Defendant Dakota Moss. (Docs. 90, 92). In response, the government asks this Court to stay these proceedings pending the results of an upcoming decision of the Supreme Court. (Docs. 95, 96). In the alternative, the government argues Moss's motion must be denied for failure to exhaust his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). *Id.* Moss did not file a reply.

On September 11, 2015, Moss was sentenced to 248 months in prison for (1) stealing firearms from a federal firearms licensee in violation of 18 U.S.C. § 922(u); (2) conspiracy to interfere with commerce by violence against person or property in violation of 18 U.S.C. § 371 ("Hobbs Act Conspiracy"); (3) carry and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and (4) felon in possession of

---

[1] The motion to appoint counsel, while docketed separately, was filed as part of the motion for compassionate release. (Doc. 90, at 2). For the reasons explained herein, the motion for compassionate release is denied. Because the motion to appoint counsel was not separate from the motion for compassionate release, it is denied as well.

a firearm in violation of 18 U.S.C. § 922(g)(1). (Docs. 25, 50).

Moss argues that he should be granted compassionate under 18 U.S.C. § 3582(c)(1)(A)(i) because extraordinary and compelling circumstances warrant it; specifically, he contends that "a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed on the date" he filed this motion. (Doc. 90, at 5–6). The animating force behind this argument is that, pursuant to the Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022), his Hobbs Act Conspiracy conviction is not a "crime of violence," thus depriving his conviction under 18 U.S.C. § 924(c) (carrying and use of a firearm during a crime of violence) of its necessary predicate. (Doc. 90, at 6).[2]

In response, the government first argues (Doc. 95, ¶¶ 4–14) that this Court should stay these proceedings pending the Supreme Court's disposition of *Fernandez v. United States*, No. 24-556 (U.S. argued Nov. 12, 2025). The government believes that the Supreme Court's decision may preclude this Court from considering claims like Moss's under 18 U.S.C. § 3582(c)(1). The government further argues that Moss is not entitled to compassionate release on the merits of his claim. (Doc. 96). The Court does not reach these arguments, however, because it concludes that Moss has failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

As the government argues in the alternative, prisoners like Moss who seek compassionate release under 18 U.S.C. § 3582(c)(1) are required first to file a request with the prison warden asking the Bureau of Prisons (BOP) to move for compassionate release

---

[2] This argument was raised by Moss in a previous habeas petition under 18 U.S.C. § 2255. *See Moss v. United States*, No. 20-CV-358, 2024 WL 551889 (S.D. Ill. Feb. 12, 2024).

on his behalf. 18 U.S.C. § 3582(c)(1)(A). If the prison warden denies that request, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure. *See id.* Alternatively, the defendant can show that he submitted a request to the warden and that 30 days have lapsed since the request was submitted without action by the BOP. *Id.* If a prisoner fails to show that he has exhausted his remedies, the Court must dismiss the motion for compassionate release. *See, e.g., United States v. Banks*, No. 03-CR-40019, 2020 WL 3077316, at *2 (S.D. Ill. June 10, 2020).

Here, Moss has not merely failed to prove exhaustion but instead affirmatively concedes that he "did not submit a request for compassionate release to the warden," explaining that he believes a law had been passed removing the exhaustion requirement. (Doc. 90, at 3). Moss is mistaken. Exhaustion of his administrative remedies through the warden is required under 18 U.S.C. § 3582(c)(1)(A).

For these reasons, Defendant Dakota Moss's Motions for Compassionate Release (Doc. 90) and to Appoint Counsel (Doc. 92) are **DENIED without prejudice**. The government's Motion to Stay Proceedings (Doc. 95) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  December 16, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**